UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
ICM INVESTMENT PARTNERS II, LLC,                :
:
                       Petitioner,           :        25-CV-00937 (JAV)
:
      -v-                               :        MEMORANDUM OPINION
:        AND ORDER
:
360 COMMERCIAL REAL ESTATE, LLC, et al.,        :
:
                      Respondents.          :
:
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

      On January 31, 2025, ICM Investment Partners II, LLC ("Petitioner") filed a Petition to Confirm Arbitration Award, ECF No. 1, a memorandum of law in support of the Petition, ECF No. 2, and the Declaration of S. Aaron Loterstein and supporting documents, ECF No. 3. On February 6 and February 7, 2025, Petitioner served copies of the foregoing documents on the Respondents Campanella Holdings LLC ("Campanella"), 360 Commercial Real Estate, LLC ("360"), and Baron Heath Hopgood ("Hopgood"). ECF No. 14. To date, Respondents have neither responded to the Petition nor otherwise sought relief from the Arbitration Award entered on January 9, 2025, ECF No.1-1 (the "Award").

      The Court GRANTS the petition and confirms the Award in its entirety.

## LEGAL STANDARDS

      The Federal Arbitration Act ("FAA") provides the substantive law for the confirmation of arbitration awards. 9 U.S.C. § 9. Under the FAA, courts grant an arbitrator's decision "great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). "Courts are not authorized to review an arbitrator's decision on the merits even in the

face of allegations . . . that the decision rests on factual errors or misinterprets the parties' agreement." *N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercom & Constr., Inc.*, No. 11 Civ. 03015(RJH), 2011 WL 5103349, at *4 (S.D.N.Y. Oct. 27, 2011) (cleaned up). "[A] reviewing court is bound by the arbitrator's factual findings, interpretation of the contract and suggested remedies." *Loc. 97, Int'l Bhd. of Elec. Workers, A.F.L.-C.I.O. v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999). Instead, the Court's review is limited to determining if there are grounds for vacating the award under 9 U.S.C. § 10(a), and if the arbitrator is "arguably construing or applying the contract and acting within the scope of his authority." *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Capstone Const. Corp.*, No. 11 CIV. 1715 JMF, 2013 WL 1703578, at *2 (S.D.N.Y. Apr. 19, 2013). "A barely colorable justification for the outcome reached" by the arbitrators is all that is required to confirm an award on a timely petition to confirm. *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir.1992).

The confirmation of an arbitration award normally is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (cleaned up). But the Court must nonetheless treat a petition to confirm an arbitration award "as akin to a motion for summary judgment based on the movant's submissions." *Trs. for Mason Tenders Dist. Council Welfare Fund*, 2013 WL 1703578, at *2.

Notwithstanding the extreme deference that a court must pay to an arbitrator's decision, even unopposed petitions to confirm awards must "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *D.H. Blair*, 462 F.3d at 110

(cleaned up). Accordingly, where the non-movant has failed to respond to a petition to confirm, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 109–10 (cleaned up).

## DISCUSSION

Applying these principles here, Petitioners have met their burden of demonstrating that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award, as the Arbitrator's decision provides more than "a barely colorable justification for the outcome reached." *D.H. Blair & Co.*, 462 F.3d at 110. Nor is there any justification under Section 10(a) of the Federal Arbitration Act for vacating the Award. Accordingly, the Court grants Petitioners' unopposed petition to confirm the entire Award.

In their Demand for Arbitration, Petitioner alleged that Campanella had breached a Future Receipts Purchase Facility Agreement ("Facility Agreement") entered into on August 4, 2022, by failing to pay more than $700,00 due to Petitioner. ECF No. 1-2. Petitioner also alleged that Respondent 360 had entered into an Agreement to Exchange and Purchase Equity ("Purchase Agreement") pursuant to which 360 acquired control of Campanella and assumed its obligations under the Agreement. *Id*. Petitioner brought a tortious interference with contract claim against Hopgood, the sole owner of 360. *Id*. Respondents originally participated in the arbitration, submitting an answer that admitted Campanella owed Petitioner the delinquent funds under the Facility Agreement, but denied that 360 had assumed the obligations of Campanella. ECF No. 1-3. Hopgood also argued that, as an agent of Campanella, he could not be liable for tortious interference. *Id*. Shortly after answering, however, Respondents ceased participating in the arbitration, including in discovery. ECF No. 1-1.

Prior to issuing the Award, Arbitrator Joanne Barak looked at the Facility Agreement entered into between Petitioner and Campanella, the 33 exhibits submitted by Petitioner, and the witness affidavits submitted by Petitioner in support of their motion for summary judgment. *See* ECF No. 1-1. The Arbitrator found that the Facility Agreement contains an arbitration clause that extends to any other parties involved in any claims, including to Campanella's employees and affiliated companies. *Id.* The Arbitrator further concluded that the Purchase Agreement constituted a default event under the Facility Agreement by which the entire remaining facility became due and owing, and that the outstanding amount was never paid. *Id.* The Arbitrator found that Campanella had breached the Facility Agreement both by not making the payments due and owing pursuant to the Facility Agreement and by selling a majority of its equity to a third party. *Id.* The Arbitrator also found that 360 had assumed the obligations of Campanella under the terms of the Purchase Agreement. *Id.* Finally, looking to Delaware law, the Arbitrator held that Hopgood was liable for tortiously interfering with the contract between Petitioner and Campanella, both by having 360 enter into the Purchase Agreement with knowledge that this was a default event under the terms of the Facility Agreement, and by preventing Campanella and 360 from making any payments due under the terms of the Facility Agreement. *Id.* The Arbitrator found the Respondents joint and severally liable for $875,692.88. *Id.*

"The Second Circuit recognizes a presumption in favor of pre-judgment interest for arbitration awards." *Constr. Council 175, Util. Workers of Am., AFL-CIO v. New York Paving, Inc.*, 708 F. Supp. 3d 221, 233 (E.D.N.Y. 2023) (citing *Waterside Ocean Nav. Co. v. Int'l Nav. Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984)). The Arbitrator awarded post-award interest at a 5% rate in accordance with Delaware law. ECF No. 1-1. The Court affirms the award of post-award

prejudgment interest at the rate of 5% annually from the date of the Award through the date of judgment.

The Court additionally grants Petitioners' request for post-judgment interest in accordance with 28 U.S.C. § 1961(a). Awards of post-judgment interest under Section 1961 are mandatory, *see Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013), and apply to actions to confirm arbitration awards, *see Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100-01 (2d Cir. 2004). The Court therefore awards interest to accrue at the statutory rate from the date judgment is entered until payment is made.

Finally, Plaintiff has requested that the Court dissolve the automatic stay on the execution of the judgment pursuant to Rule 62(a) of the Federal Rules of Civil Procedure. Plaintiff has established a credible fear that Respondents may dissipate assets to avoid collection of the judgment. *See* ECF No. 3. Accordingly, the Court exercises its discretion to dissolve the automatic stay and permit immediate execution on the judgment. *See, e.g.*, *Loans on Fine Art LLC v. Peck*, No. 23 CIV. 04143 (JHR) (JW), 2024 WL 4839177, at *1 (S.D.N.Y. Nov. 20, 2024) (citing cases).

## CONCLUSION

Accordingly, IT IS ORDERED AND ADJUDGED that the Petition is GRANTED, the January 9, 2025 arbitration award is CONFIRMED, and that the automatic stay on the execution of judgment is DISSOLVED pursuant to Rule 62(a). The Clerk of Court is directed to enter judgment in favor of Petitioners and against Respondents jointly and severally as follows:

1. Confirming the Award in all respects;

2. Awarding Petitioners $875,692.88 pursuant to the Award;

3. Awarding Petitioners post-award, pre-judgment interest in the amount of $13,435.27; and

4. Awarding Petitioners post-judgment interest at the statutory rate.

The Clerk of Court is respectfully directed to terminate all pending motions and close the case.

SO ORDERED.

Dated: May 1, 2025  
New York, New York

_____  
JEANNETTE A. VARGAS  
United States District Judge